UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BILLION TOWER INT'L, LLC,                    **PLAINTIFF'S ANSWER
                                             TO DEFENDANT'S
                   Plaintiff,                <u>COUNTERCLAIMS</u>**

         -against-
                                             Case Number: 08-CIV-4185
MDCT CORPORATION,                            (LAK)(DFE)

                   Defendant.
------------------------------------------------------------------------X

      Plaintiff Billion Tower Int'l, LLC ("Billion Tower"), by its attorneys Cuddy & Feder LLP, as and for its Answer to Defendant MDCT Corporation's (the "Defendant's") Counterclaims (collectively, Billion Tower and Defendant referred to as the "Parties"), hereby alleges as follows:

### <u>BILLION TOWER'S ANSWER TO DEFENDANT'S FIRST COUNTERCLAIM</u>

      1.    Billion Tower repeats, realleges, and reavers all prior allegations set forth in Billion Tower's Amended Complaint as if set forth verbatim below.

      2.    Billion Tower admits the allegations set forth in Paragraph 55 of Defendant's First Counterclaim solely to the extent that the Parties entered into a contract of sale pursuant to which Defendant agreed to manufacture and deliver articles of clothing for and to Billion Tower for branding and subsequent resale to Billion Tower's retail customers.

      3.    Billion Tower admits the allegations set forth in Paragraph 56 of Defendant's First Counterclaim solely to the extent that Defendant ultimately delivered the first shipment of the aforementioned articles of clothing but only after Defendant had materially breached its contract with Billion Tower by: (a) manufacturing the goods in China after Defendant had materially induced Billion Tower into the agreement by representing that the goods would be manufactured in Vietnam in order to alleviate Billion Tower's concerns

regarding its existing relationships with Chinese manufacturers; and (b) engaging in a pattern of systematic delay, which resulted in the first shipment of the goods arriving to Billion Tower nearly four (4) months late, thus subjecting Billion Tower to charge-backs from its retail customers as well as other substantial damages suffered by Billion Tower in an amount to be determined at trial.

4. Billion Tower denies the allegations set forth in Paragraph 57 of Defendant's First Counterclaim.

5. Billion Tower denies the allegation set forth in Paragraph 58 of Defendant's First Counterclaim regarding payment for the goods delivered to Billion Tower inasmuch as Billion Tower had in fact tendered payments to Defendant. Insofar as "he" refers to Billion Tower, Billion Tower admits that having made payments to Defendant, it remained in possession of the goods, although, as set forth in the Amended Complaint, only a portion of the goods at issue were ever delivered by Defendant.

6. Billion Tower denies each and every allegation set forth in Paragraph 59 of Defendant's First Counterclaim.

7. Billion Tower denies each and every allegation set forth in Paragraph 60 of Defendant's First Counterclaim.

8. Billion Tower denies each and every allegation set forth in Paragraph 61 of Defendant's First Counterclaim.

9. Billion Tower admits that Defendant has demanded judgment against Billion Tower as set forth in Paragraph 62 of Defendant's First Counterclaim.

## BILLION TOWER'S ANSWER TO DEFENDANT'S SECOND COUNTERCLAIM

10. Billion Tower repeats, realleges, and reavers all prior allegations set forth in Billion Tower's Amended Complaint as well as Billion Tower's Answer to Defendant's First Counterclaim as if set forth verbatim below.

11. Billion Tower admits the allegations set forth in Paragraph 63 of Defendant's Second Counterclaim solely to the extent that the Parties entered into a contract of sale pursuant to which Defendant agreed to manufacture and deliver articles of clothing for and to Billion Tower for branding and subsequent resale to Billion Tower's retail customers.

12. Billion Tower admits the allegations set forth in Paragraph 64 of Defendant's Second Counterclaim solely to the extent that Defendant ultimately delivered the first shipment of the aforementioned articles of clothing but only after Defendant had materially breached its contract with Billion Tower by: (a) manufacturing the goods in China after Defendant had materially induced Billion Tower into the agreement by representing that the goods would be manufactured in Vietnam in order to alleviate Billion Tower's concerns regarding its existing relationships with Chinese manufacturers; and (b) engaging in a pattern of systematic delay, which resulted in the first shipment of the goods arriving to Billion Tower nearly four (4) months late, thus subjecting Billion Tower to charge-backs from its retail customers as well as other substantial damages suffered by Billion Tower in an amount to be determined at trial.

13. Billion Tower denies each and every allegation set forth in Paragraph 65 of Defendant's Second Counterclaim.

14. Billion Tower denies the allegation set forth in Paragraph 66 of Defendant's Second Counterclaim regarding payment for the goods delivered to Billion Tower

inasmuch as Billion Tower had in fact tendered payments to Defendant. Insofar as "he" refers to Billion Tower, Billion Tower admits that having made payments to Defendant, it remained in possession of the goods, although, as set forth in the Amended Complaint, only a portion of the goods at issue were ever delivered by Defendant.

15. Billion Tower denies each and every allegation set forth in Paragraph 67 of Defendant's Second Counterclaim, except admits that insofar as "he" refers to Billion Tower, Billion Tower, having made payments to Defendant, remained in possession of the goods, although, as set forth in the Amended Complaint, only a portion of the goods at issue were ever delivered by Defendant.

16. Billion Tower denies each and every allegation set forth in Paragraph 68 of Defendant's Second Counterclaim.

17. Billion Tower denies each and every allegation set forth in Paragraph 69 of Defendant's Second Counterclaim.

18. Billion Tower admits that Defendant has demanded judgment against Billion Tower as set forth in Paragraph 70 of Defendant's Second Counterclaim.

## BILLION TOWER'S AFFIRMATIVE DEFENSES

Billion Tower, by its attorneys Cuddy & Feder LLP, as and for its affirmative defenses against Defendant's Counterclaims, hereby alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

1. Defendant's Counterclaims fail to state a claim for relief upon which relief can be granted as against Billion Tower.

## SECOND AFFIRMATIVE DEFENSE

2. Defendant's Counterclaims are barred by the doctrines of waiver, estoppel, laches, acquiescence, abandonment, and/or ratification.

## THIRD AFFIRMATIVE DEFENSE

3. All damages allegedly incurred by Defendant, if any, as well as all relief sought by Defendant, are barred as a result of Defendant's own culpable conduct.

## FOURTH AFFIRMATIVE DEFENSE

4. All damages allegedly incurred by Defendant, if any, as well as all relief sought by Defendant, are barred as a result of Defendant's own unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

5. Defendant's Counterclaims for relief are barred by operation of the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

6. Defendant's Counterclaims for relief are barred by operation of the applicable statute of frauds.

## SEVENTH AFFIRMATIVE DEFENSE

7. Defendant's Counterclaims for relief are barred, either in whole or in part, by Defendant's failure to avoid, minimize, and/or mitigate their damages, if any, as alleged in Defendant's Counterclaims.

## EIGHTH AFFIRMATIVE DEFENSE

8. Billion Tower incorporates the allegations of its Amended Complaint as well as its Answer to Defendant's Counterclaims herein as if set forth verbatim within each of its affirmative defenses set forth above.

C&F: 957512.3

## NINTH AFFIRMATIVE DEFENSE

9. Billion Tower reserves the right to supplement, revise, modify, and/or clarify these Affirmative Defenses as facts are discovered in this action.

WHEREFORE, Billion Tower respectfully requests that the relief sought by Defendant in its Counterclaims be denied in all respects as alleged against Billion Tower, and that the Court grant Billion Tower all relief as requested in its Amended Complaint, as well as such other and further relief as the Court deems just and proper, including but not limited to, Billion Tower's attorneys' fees, costs, and disbursements incurred herein.

Dated: White Plains, New York
August 11, 2008

CUDDY & FEDER LLP
Attorneys for Plaintiff Billion Tower
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
(914) 761-1300

By: _____
Joshua E. Kimerling (JK0053)
Brian P. Galligan (BG1669)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BILLION TOWER INT'L, LLC,

                          Plaintiff,

              -against-

MDCT CORPORATION,

                        Defendant.
------------------------------------------------------------------------X

**CERTIFICATE OF SERVICE**

Case Number: 08-CIV-4185
(LAK)(DFE)

I hereby certify that on August 11, 2008, a copy of the foregoing:

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

was filed through the Electronic Case Filing (E.C.F.) procedure under the United States District Court of Southern New York's local rules and served upon all parties of record by email (through E.C.F.) and first class mail as follows:

Ayala E. Yasgur, Esq.
Wong, Wong & Associates, P.C.
Attorneys for Defendant MDCT Corporation
150 Broadway, Suite 1588
New York, New York 10038
(212) 566-8080

Dated: White Plains, New York
         August 11, 2008

CUDDY & FEDER LLP
Attorneys for Plaintiff Billion Tower
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
(914) 761-1300

By: _____
Joshua E. Kimerling (JK0053)
Brian P. Galligan (BG1669)

7

C&F: 957512.3